UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NETTIE ALLEN * CIVIL ACTION

VERSUS * NO: 07-4637 C/W 07-4814
AND 07-5932

ALLSTATE INSURANCE COMPANY * SECTION: "D"(5)
AND NATIONAL FLOOD INSURANCE
PROGRAM

**ORDER AND REASONS**

Before the court are the following motions filed by Defendant, Allstate Insurance Company, in its capacity as flood carrier, a Write-Your-Own carrier participating in the U.S. Government's National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001 *et seq.*), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] in Civil Action No. 07-4814 (the only case in this consolidated matter which remains open):

(1) **Motion for Summary Judgment (Doc. No. 36);** and

(2) **Motion to Quash Jury Demand (Doc. No. 35).**

*No memoranda in opposition were filed.* The motions, set for

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

hearing on Wednesday, March 9, 2009, are before the court on briefs, without oral argument.

Now, having considered the memorandum and summary judgment evidence submitted by Allstate's counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact and Defendant is entitled to Judgment as a matter of law. Because Plaintiff failed to submit a timely and sworn Proof of Loss (related to Hurricane Katrina flooding) and failed to submit any supporting documentation of flood related damage prior to filing this suit, Plaintiff failed to comply with conditions precedent under its National Flood Insurance Program Standard Flood Insurance Policy, and thus, no further benefits are payable under that policy.[3] *See* Standard Flood Insurance Policy at 44 C.F.R. Pt. 61 App. A(1), Article VII(J); *Marseille Homeowners Condominium Ass., Inc. v. Fidelity National Ins.* Co., 542 F.3d 1053 (5th cir. 2008); Wright *v. Allstate*, 415 F.3d 384, 387-88 (5th Cir. 2005); *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Forman v. FEMA*,

---

[3] Plaintiffs' SFIP had building coverage limits of $121,000 (Coverage A) and $27,600 of contents coverage (Coverage B) (*See* Raske Affidavit, Defendant's Ex. Doc. No. 36-6 at ¶ 2).

An independent adjuster inspected the subject property (located at 1421 Sigur Avenue, Metairie, Louisiana 70005) and recommended that $66,295.07 for Coverage A (building) and $27,600 for Coverage B (contents) was payable on the claim. (*Id*. at ¶ 9). Allstate paid Plaintiff these recommended amounts on or about December 14, 2005. (*Id*. at ¶10). In this lawsuit, Plaintiff claims that additional benefits should have been disbursed to her under her SFIP.

138 F.3d 543, 545-46 (5th Cir. 1998).[4]

Further, to the extent that Plaintiff has asserted state-law based extra-contractual claims against Allstate, such claims are pre-empted by the National Flood Insurance Act and related regulations. *Gallup v. Omaha Property & Casualty Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *Wright*, 415 F.3d at 389-90.

Finally, regarding Plaintiff's extra-contractual claims, asserted under the guise of federal common law, the court rejects such claims because they are "neither explicitly or implicitly authorized by the NFIA." *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007).

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. No. 14)** filed by Defendant Allstate Insurance Company, be and is hereby **GRANTED**, dismissing all the claims asserted by Plaintiff, Nettie Allen, against Defendant, Allstate Insurance Company, in Civil Action No. 07-4814.

---

[4] *See also* cases decided by this court: *Morris v. American Nat'l Prop. & Cas. Co.,* 2008 WL 2959564 (E.D.La. 2008)(McNamara, J.); *Henly v. Allstate Ins. Co.*, 2008 WL 89970 (E.D.La. 2008)(McNamara, J.); *Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. Ins. Co.*, 2007 WL 2363141 (E.D.La. 2007) (McNamara, J.), *affirmed* 542 F.3d 1053 (5th Cri. 2008); *Newlin v. Fidelity National Property & Casualty Ins. Co.*, 2007 WL 1466819 (E.D.La. 2007) (McNamara, J.); *Airhart v. Allstate Ins. Co.*, 2007 WL 2127720 (E.D.La. 2007)(McNamara, J.).

**IT IS FURTHER ORDERED** that Allstate's **Motion to Quash Jury Demand (Doc. No. 35)** be and is hereby **DISMISSED AS MOOT.**

New Orleans, Louisiana, this **11th** day of **March, 2009**.

                                    A.J. McNAMARA
                      UNITED STATES DISTRICT JUDGE